# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**ELI DANIEL BOSWORTH, # 412358**                              **PLAINTIFF**

**v.**                                         **CAUSE NO. 1:18CV407-LG-RHW**

**KENNETH CUNNINGHAM and**
**ANGELA L. FRENCH**                                          **DEFENDANTS**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*.   *Pro se* Plaintiff Eli Daniel

Bosworth initiated this action on December 26, 2018.   At the time, he was a

pretrial detainee at the Harrison County Adult Detention Center.

On March 28, 2019, the Court ordered Bosworth to respond to an inquiry

regarding the Complaint.   The response was due April 11.   Having received no

response, on May 9, the Court entered the Order to Show Cause [12], ordering him

to show cause, by May 23, why this case should not be dismissed for failure to

prosecute and obey an Order [9] of the Court.   When Bosworth still failed to

respond, the Court entered the Second Order to Show Cause [14], on June 6, giving

him one last chance to do so.

All Orders [9, 12, 14] were mailed to Bosworth's address of record but were

returned as undeliverable.   To date he has not responded, provided a change of

address, or otherwise contacted the Court.   The Court has warned Bosworth that

failure to comply, including keeping the Court apprised of his address, may result in

this case being dismissed.   (2d Order to Show Cause at 1-2); (1st Order to Show

Cause at 1); (Order Den. Counsel and Requiring Pl. to Respond [9] at 3); (Order

Setting Payment Schedule [8] at 3); (Order [3] at 2). It is apparent from

Bosworth's failure to comply that he lacks interest in pursuing this claim.

The Court has the authority to dismiss an action for the plaintiff's failure to

prosecute or to obey a Court order under Rule 41(b) of the Federal Rules of Civil

Procedure and under the Court's inherent authority to dismiss the action *sua*

*sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be

able to clear its calendars of cases that remain dormant because of the inaction or

dilatoriness of the parties seeking relief, so as to achieve the orderly and

expeditious disposition of cases. Such a sanction is necessary in order to prevent

undue delays in the disposition of pending cases and to avoid congestion in the

calendars of the Court. *Id.* at 629-30. Since Defendants have never been called

upon to respond to the Complaint nor appeared in this action, and since the Court

has not considered the merits of the claims, the case is dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons

stated above, this case should be and is hereby **DISMISSED WITHOUT**

**PREJUDICE** for failure to prosecute and obey the Court's Orders. A separate

final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 15th day of July, 2019.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE